GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
HRIPSIME BAGDASARYAN, ESQ. (STATE BAR NO. 320377)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
MGDESYAN LAW FIRM
15260 VENTURA BLVD., SUITE 800
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiffs,
DEXTER HUBERT WHITE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER HUBERT WHITE<br><br>Plaintiff,<br><br>V.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, COUNTY OF LOS ANGELES, OFFICER CORY MCMICHAEL, OFFICER JAVIER TAFOYA, and DOES 1 to 10, inclusive,<br>                    Defendants. | Case Number:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of Defendant's Civil Rights 42 U.S.C § 1983- Excessive Force (Individual Liability and Monell Claim)<br>2. Violation of California Civil Code §§ 43, 52.1; California Constitution Article 1 § 13<br>3.  Assault and Battery<br><br>**[JURY TRIAL DEMAND]** |

1

## PRELIMINARY STATEMENT

This is a civil rights action for money damages arising from the unreasonable shooting of DEXTER HUBERT WHITE on January 11, 2018, in Los Angeles, California, against all defendants for violations of California tort law and United States constitutionally guaranteed rights. DEXTER HUBERT WHITE hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. At all relevant times to the facts underlying the present complaint, Plaintiff DEXTER HUBERT WHITE (hereinafter "Plaintiff") is and was a resident of Los Angeles, California, at the time of the allegations set forth herein.

3. Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

## PARTIES

4. Plaintiff, DEXTER HUBERT WHITE brings his Claim under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests. Plaintiff brings his claim under 42 U.S.C §1983 for violations of his Constitutional rights.

5. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY.

6. Defendant LOS ANGELES POLICE DEPARTMENT, (hereinafter

"LAPD") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

7. Defendant CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant CITY OF LOS ANGELES has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LAPD, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, and the use of force.

8. In this case, the COUNTY and CITY OF LOS ANGELES acted through its agents, employees, and servants, including the policymakers for defendant LAPD, and through defendant LOS ANGELES POLICE OFFICER CORY MCMICHAEL AND OFFICER JAVIER TAFOYA. Defendant CORY MCMICHAEL and DEFENDANT JAVIER TAFOYA were officers of LAPD at the time of the facts alleged in this Complaint and were employed by LAPD at all times relevant to the Complaint.

9. At all relevant times, Defendants COUNTY, CITY, and LAPD and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LAPD, including those individuals charged with protecting the health and safety of the public, including Plaintiff DEXTER HUBERT WHITE, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the LAPD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the COUNTY and CITY were the employers of each of the individually named defendants.

10. Defendant OFFICER CORY MCMICHAEL ("Cory McMichael") was at all times relevant to this complaint an officer with the LOS ANGELES POLICE DEPARTMENT. At all relevant times, OFFICER CORY MCMICHAEL was a duly authorized employee and agent of the COUNTY AND CITY, subject to oversight and supervision by the COUNTY'S AND CITY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer for the LOS ANGELES POLICE DEPARTMENT and with complete authority and ratification of the principal, COUNTY and CITY. In committing the acts alleged herein, OFFICER CORY MCMICHAEL acted within the scope of his respective employment and under color of law. OFFICER CORY MCMICHAEL is sued in both his official and individual capacities.

11. Defendant OFFICER JAVIER TAFOYA ("Javier Tafoya") was at all times relevant to this complaint an officer with the LOS ANGELES POLICE DEPARTMENT. At all relevant times, OFFICER JAVIER TAFOYA was a duly authorized employee and agent of the COUNTY AND CITY, subject to oversight and supervision by the COUNTY'S AND CITY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer for the LOS ANGELES POLICE DEPARTMENT and with complete authority and ratification of the principal, COUNTY and CITY. In committing the acts alleged herein, OFFICER JAVIER TAFOYA acted within the scope of his respective employment and under color of law. OFFICER JAVIER TAFOYA is sued in both his official and individual capacities.

12. On July 10, 2018, a timely claim for damages was filed with the COUNTY and CITY OF LOS ANGELES in substantial compliance with California Government Code § 910, et seq. Plaintiff's claims were rejected.

13. Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the COUNTY or CITY, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff alleges

that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the County or City. Each Doe is sued in both his/her official and individual capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. This complaint concerns an officer involved shooting which occurred on January 11, 2018 at or near 40th place and Walton Avenue in Los Angeles, CA.

15. On the aforementioned date, DEXTER HUBERT WHITE was visiting his music managers home. After a brief oral argument with the music manager, police were dispatched to the scene. Upon arrival, police investigated the 911 call and the music manager notified police that everything was fine. As police saw DEXTER HUBERT WHITE on the street, they proceeded to quickly stop him and draw their weapons on him. Without giving DEXTER HUBERT WHITE any opportunity to react, police proceeded to shoot DEXTER HUBERT WHITE only after a few seconds of drawing their weapons.

16. DEXTER HUBERT WHITE was shot multiple times by LAPD officers. Officer CORY MCMICHAEL and officer JAVIER TAFOYA were identified as two of the shooting officers.

17. DEXTER HUBERT WHITE had no weapons in his possession and posed no threat to officers or the public. Despite the fact that WHITE had no weapons and posed no threat, officers nonetheless shot him several times.

18. Officers, whose names are unknown at this time and are herein sued as DOES 1-10 inclusive, were employed by and acting in the course and scope of their employment with the COUNTY and CITY. Without warning, the officers, sued herein as DOES 1-10 inclusive and Officers CORY MCMICHAEL and

JAVIER TAFOYA repeatedly and unjustifiably discharged their department issued firearm at the person of DEXTER HUBERT WHITE, inflicting multiple gunshot wounds. At no time during the course of these events did DEXTER HUBERT WHITE pose any reasonable threat of violence to the officers, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. DEXTER HUBERT WHITE had suffered extensive damage from these multiple gunshot wounds. DEXTER HUBERT WHITE currently has limited motor functions in his left arm and hand and has had to get surgery for the injuries. The injuries sustained by DEXTER HUBERT WHITE are a direct and proximate result of gunshot wounds inflicted upon his person by Officer CORY MCMICHAEL, Officer JAVIER TAFOYA and DOE Defendants.

19. Both prior to and during the time in which he was shot, DEXTER HUBERT WHITE posed no threats, made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will, or the ability to inflict substantial bodily harm against any individual.

20. Both prior to and during the time in which Defendants, and each of them, shot DEXTER HUBERT WHITE, Defendants individually, were not faced with any circumstances which would have led a reasonable officer to believe that DEXTER HUBERT WHITE posed the risk of death, or serious bodily injury to any person.

21. Defendants engaged in actions intended by them to cause injury to DEXTER HUBERT WHITE. Discharging over several gunshots at a single unarmed individual posing no threat is clearly malicious and at the very least oppressive. These actions by said Defendants and said DOE Defendants were in conscious disregard of the rights and safety of DEXTER HUBERT WHITE.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### [42 U.S.C. §1983]

**(By Plaintiff against all Defendants)**

22. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

23. Plaintiff is informed, believes, and therefore alleges, that on or about January 11, 2018, Officer CORY MCMICHAEL, Officer JAVIER TAFOYA and DOE Defendants, and each of them, assaulted, and shot DEXTER HUBERT WHITE as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to DEXTER HUBERT WHITE'S Fourth Amendment right to be free from unreasonable searches and seizures.

24. The above articulated constitutional violations were proximately caused by the Defendants', COUNT, CITY, and LAPD'S deliberate indifference to the maintenance, training, and control of the LAPD officers, CORY MCMICHAEL, JAVIER TAFOYA and said DOE Defendants.

25. Additionally, DOE Defendants have engaged in a well-known pattern and practice of misconduct in violation of the Constitution and federal law in a number of ways, including: the use of unreasonable force in violation of the Fourth Amendment as recognized by the United States Department of Justice.

26. The injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants COUNTY, CITY, and LAPD including, but not limited to, inadequately training and supervising and failing to provide a different kind of training to LAPD and its officers, with respect to the reasonable and proper use of deadly force against civilians.

27. Plaintiff is informed and believes, and thereupon alleges, that on or before January 11, 2018, the COUNTY, the CITY, and LAPD hired, trained, supervised, employed and/or managed the individual officers, with conscious disregard of an deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to said Defendants that these officers were dangerous

7

and violent employees, prone to fire their firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and conduct assault and battery on persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual CORY MCMICHAEL, JAVIER TAFOYA and DOE Defendants' background would have led the COUNTY, CITY, and LAPD to conclude that the plainly obvious consequence of the decision to hire these individual DOE Defendants, CORY MCMICHAEL and JAVIER TAFOYA would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the COUNTY, CITY, LAPD were deliberately indifferent to Plaintiff's federally protected rights when the individual Defendants named herein were hired, retained, and later inadequately supervised.

28. As set forth in the foregoing paragraphs of this Complaint, the Defendants' shooting of DEXTER HUBERT WHITE was an unconstitutional display of unreasonable, excessive and deadly force, which violated DEXTER HUBERT WHITE'S Fourth Amendment right to be free from unreasonable seizures. Plaintiff is informed and believes, and thereupon alleges the details of this incident have been revealed to the authorized policymakers within the COUNTY and the CITY, and LAPD and that such policymakers have direct knowledge of the fact that the shooting of DEXTER HUBERT WHITE was unjust and represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policymakers within the COUNTY, CITY, AND LAPD had approved of the Defendants, and each of them individually, shooting of DEXTER HUBERT WHITE, and have made a deliberate choice to endorse the Defendants, and each of them individually, shooting of DEXTER HUBERT WHITE, and the basis for that shooting. By so doing, the authorized policymakers within the COUNTY, CITY, and LAPD have shown

affirmative agreement with the individual Defendant's actions, and have ratified the unconstitutional acts of the individual Defendant officers.

29.     These policies and custom in failing to supervise and train said individual Defendants were the moving force and the reason behind the individual Defendants violation of Plaintiff's constitutional rights.

30.     Despite the fact that COUNTY, CITY, and LAPD knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, COUNTY, CITY, and LAPD have taken no steps or efforts to prevent this course of conduct, nor to make redress to the Plaintiff, and have failed to take any disciplinary action whatsoever against any of its employees or agents.

31.     Upon information and belief, Defendants with deliberate indifference to and/or reckless disregard for the safety and constitutional rights of Plaintiff and other citizens, maintained, enforced, tolerated, ratified, permitted, and acquiesced in, and/or applied unconstitutional policies, practices, customs, including, but not limited to:

(a). Subjecting citizens, including Plaintiff, to unreasonable use of force against their persons;

(b). The failure to institute, require, and enforce proper and adequate training, supervision, policies and procedure concerning applying force. Specifically, failure to train Defendants on the use of non lethal weapons where citizens do not pose any threat, further failure to train Defendants to individually determine the need for force themselves instead of proceeding with lethal force upon arrival to a scene.

(c). By allowing, tolerating, and/or encouraging CITY and COUNTY employees to make false reports and/or make false statements to justify the unreasonable force. Defendants here made false police

reports and statements regarding the incident to justify their unreasonable use of force.

(d) To allow, tolerate, and encourage a "code of silence" among law enforcement officers and Defendants whereby an officer does not provide adverse information against a fellow officer.

(e) The cover up of violations of constitutional rights by any or all of the following:

  i. By failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies and procedures identified above.

  ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by CITY, COUNTY, LAPD employees.

  iii. By providing false reports and/or statements.

32. The above acts or omission of acts of the Defendants and the individual Defendants were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the COUNTY, CITY, and LAPD alleged herein and as applied to DEXTER HUBERT WHITE, resulted in violation of Plaintiff's constitutional rights.

33. DEXTER HUBERT WHITE had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to DEXTER HUBERT WHITE by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the injuries sustained by DEXTER HUBERT WHITE.

34. Each of the individual Defendants, and the municipal Defendants acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

35. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff DEXTER HUBERT WHITE has suffered great mental and physical pain, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment and apprehension all to his damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations.

36. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

37. By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe mental anguish, emotional distress, and financial losses as alleged.

## SECOND CAUSE OF ACTION
### Violation of California Civil Code § 43, 52.1;
### California Constitution, Article 1, §13
### (By Plaintiff against all Defendants)

38. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

39. Plaintiff brings this action and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to DEXTER HUBERT

WHITE by the Constitution of the State of California and the California Civil Code, §§ 43 and 52.1.

40. At all times mentioned herein, the Defendants COUNTY and CITY employed the individual Defendants herein. Said Defendants COUNTY, CITY, and LAPD provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the COUNTY and CITY.

41. During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY and CITY. Each of the individual Defendant Officers herein, separately and in concert, deprived DEXTER HUBERT WHITE of the rights, privileges and immunities secured to him by the Constitution of the State of California, Article 1, section 13, as well as the California Civil Code, §§ 43 and 52.1.

42. Plaintiff is informed, believes and therefore alleges, that on or about January 11, 2018, DOE Defendants CORY MCMICHAEL and JAVIER TAFOYA assaulted, battered, and shot DEXTER HUBERT WHITE as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to DEXTER HUBERT WHITE'S statutory and constitutional right to be free from unreasonable searches and seizures. Further, the violent conduct of DOE Defendants as described herein, directly interfered with DEXTER HUBERT WHITE'S constitutional and statutorily guaranteed rights.

43. DEXTER HUBERT WHITE had the rights to be free from unreasonable search and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to DEXTER HUBERT WHITE by the provisions of the California Constitution, Article 1, section 13, and by California Civil Code §§ 43 and 52.1. All of these interests were implicated by

the wrongful conduct of the individual Defendants which proximately caused the injuries sustained by DEXTER HUBERT WHITE.

44. Plaintiff DEXTER HUBERT WHITE's right as secured by California Civil Code §43 to be free from bodily restrains and harm from injury to his person was violated by Defendants and each of them.

45. Plaintiff DEXTER HUBERT WHITE's right as secured by California Constitution Article 1 Section 13 to be secure in his persons, and effects against unreasonable seizures was violated by Defendants, and each of them.

46. By drawing rifles and weapons issued by the CITY, COUNTY, and LAPD upon Plaintiff who posed no threat, Defendants acted to intimidate Plaintiff and interfered with his rights secured by the Constitution in violation of California Civil Code §52.1.

47. Each of the individual Defendants and the municipal Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omission of acts, and purposefully with the intent to deprive DEXTER HUBERT WHITE and civilian citizens of their protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to statutory, punitive and exemplary damages against the individual Defendants, in an amount to be proven at the trial of this matter pursuant to Cal. Civil Code §§52 et seq., 52.1(b), and 52.1(h).

48. As a direct and proximate result of the aforesaid acts, omission of acts, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment and apprehension all to his damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorneys' fees and other expenses in the prosecution of the above-articulated violations.

Case 2:19-cv-00243-DDP-RAO Document 1 Filed 01/10/19 Page 14 of 16 Page ID #:14

49. As a further result of these acts, Plaintiff has lost past and future earnings and wages in an amount to be determined according to proof at trial.

50. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to California Civil Code §§ 52 et seq. and 52.1(h).

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### (By Plaintiff Against Individual Defendants)

37. Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

38. Defendant CORY MCMICHAEL, JAVIER TAFOYA, and DOE Defendants intentionally and spitefully committed the above acts of battery against Decedent DEXTER HUBERT WHITE.

39. Defendant CORY MCMICHAEL, JAVIER TAFOYA and Doe Defendants, acting within the scope of their employment as officers with Los Angeles Police Department in and for the County of Los Angeles and City of Los Angeles, assaulted and battered Plaintiff DEXTER HUBERT WHITE causing his unfortunate severe physical injuries.

40. By the conduct alleged above including, but not limited to, multiple gunshot wounds, Defendant CORY MCMICHAEL, JAVIER TAFOYA and Doe Defendants are liable for assault and battery.

41. Officer CORY MCMICHAEL, JAVIER TAFOYA and Doe Defendants intentionally shot, and assaulted Plaintiff, with the intent to harm him.

42. Plaintiff did not consent to the conduct and a reasonable person in plaintiff's position would have been offended by the conduct of the officers. The individual officers' actions were excessive and unreasonable.

14

43. The conduct of Officer Cory McMichael, Officer Javier Tafoya and Doe Defendants were willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Cory McMichael, Javier Tafoya and Doe Defendants.

44. As a direct and proximate cause of Cory McMichael, Javier Tafoya and Doe Defendants' actions, Plaintiff was severely injured and he has suffered extreme mental anguish and pain and has been injured in the mind and body, in an amount to be proven.

## **JURY DEMAND**

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Defendant, except the COUNTY and CITY, in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5 and any other applicable provision of law;

6. Such other relief as may be warranted or as is just and proper.

DATED: January 10, 2019     Respectfully Submitted,

/s/ *George G. Mgdesyan*
George G. Mgdesyan, Esq.
Attorney for Plaintiff

## **JURY DEMAND**

Trial by jury of all issues is demanded.

DATED: January 10, 2019                    Respectfully Submitted,


                                           /s/ *George G. Mgdesyan*
                                           George G. Mgdesyan, Esq.
                                           Attorney for Plaintiff